██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DELFS, Appellant.— Motion by respondent to dismiss defendant's appeal from an order denying his application to dismiss the indictment against him. Motion granted; appeal dismissed. The order is an intermediate order which is not appealable by the defendant except as an incident to the appeal from the judgment (Code Crim. Pro., § 517; see *People* v. *Evans*, 18 A D 2d 1018). Cross motion by defendant John Delfs to dispense with printing and for other relief with respect to his appeal from order denying his application to dismiss the indictment. Motion dismissed as academic, in view of the decision herewith dismissing such appeal. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

## THIRD DEPARTMENT, MARCH, 1963

### (March 13, 1963)

██ In the Matter of NATHAN WERTER, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents which revoked petitioner's license to practice medicine. Petitioner has been found guilty of fraud and deceit in the practice of medicine (Education Law, § 6514, subd. 2, par. [a]), and of unprofessional conduct (Education Law, § 6514, subd. 2, par. [g]). On the merits the evidence overwhelmingly establishes that petitioner submitted grossly exaggerated and false medical bills and medical reports to certain attorneys for use in obtaining settlements from insurance companies in negligence cases. Such evidence is not refuted. Petitioner urges that the determination cannot stand because a decision made by the Regents' Committee on Discipline was arbitrary and without due process because the committee prejudged the case, the decision is dated the same day as the hearing, and that the committee failed to properly consider the matter. This contention is based upon assumption without support in the record. Under such circumstances the presumption of regularity must prevail. Moreover, under modern practice this court is entitled to consider an affidavit of a Regent of the State of New York and a member of the committee as to the procedure followed by the committee, submitted to the court and petitioner's counsel subsequent to argument. The affidavit does not pertain to the merits of the case but simply as to the procedure followed. The hearing was held on May 23, 1961. It appears that the record of proceedings before a subcommittee had been transmitted to the Committee on Grievances on April 12, 1961; that the matter was not decided until May 26, 1961, when all three members of the Committee on Grievances agreed upon a decision, which was then reduced to writing and signed by the chairman. It appears that it was the practice at that time to retain the date of the hearing as the date of the report and decision, although the latter was in fact not made until later. Determination confirmed, without costs. Coon, J. P., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in the result.

██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WINFIELD I. NICHOLSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order dismissing a writ of habeas corpus following a hearing. Order unanimously affirmed, without opinion. (*People ex rel. Temple* v. *Brophy*, 273 N. Y. 487; *People* v. *Nicholson*, 15 A D 2d 613, affd. 11 N Y 2d 1067, cert. denied 371 U. S. 929; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361.) Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.