■    In the Matter of SANG MOON KIM, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. —Proceeding pursuant to CPLR article 78 instituted in this court, pursuant to subdivision 4 of section 6510-a of the Education Law, to review a determination of the Board of Regents which revoked petitioner's license and registration to practice medicine. Petitioner, a physician, was charged with professional misconduct and unprofessional conduct within the meaning and purview of subdivisions (2) and (9) of section 6509 of the Education Law. In the first specification charging professional misconduct, it was alleged that petitioner practiced the profession with gross incompetence or gross negligence in the care and treatment of Patient A based on petitioner's performance of spinal surgery on Patient A during which a major blood vessel was severed and on petitioner's failure to render or arrange for the necessary treatment when the damage was ascertained. In this first specification it was also alleged that petitioner practiced the profession with gross incompetence or gross negligence in the care and treatment of Patient B based on petitioner's cutting or damaging the patient's spinal nerves while engaged in spinal surgery. Patient A died several hours after the operation and Patient B became a paraplegic allegedly as a result of his surgery. Petitioner was charged in the second specification with professional misconduct in that he practiced his profession with incompetence and/or negligence in the care and treatment of Patients A, B, C, D and E. In the third specification which charged unprofessional conduct, it was alleged that petitioner made false statements in his application for appointment to the medical staff of a certain hospital. Petitioner was charged in the fourth specification with unprofessional conduct within the meaning of subdivision (9) of section 6509 of the Education Law based upon the conduct and activity previously set forth in the first, second and third specifications. Following a hearing, petitioner was found guilty as charged in specifications one and two as to Patient A; as to Patient B he was found not guilty of the charges in specification one but guilty of the charges in specification two; as to Patients C, D and E, he was found not guilty of the charges in specification two but he was found guilty of billing these patients for treatment not performed; and he was found not guilty of the charges in specification three. A conditional suspension of petitioner's license was recommended. The Commissioner of Health recommended that the Board of Regents adopt the findings, conclusions and recommendation of the hearing committee. The Board of Regents referred the matter to a review committee which recommended the adoption of the hearing committee's findings, conclusions and recommendation except for the finding that petitioner was guilty of improperly billing Patients C, D and E. The Board of Regents adopted the findings and conclusions of the hearing committee and the recommendation of the Commissioner of Health with respect thereto to the extent indicated by the review committee. The recommendation as to the measure of discipline was not adopted, however, the board directing that petitioner's license be revoked. This article 78 proceeding ensued to review the board's determination. Initially, petitioner contends that the decision of the board was not upon the affirmative vote of a majority of the members of the board as

required by subdivision 2 of section 6510-a of the Education Law and, therefore, illegal. In view of the fact that we find no proof in the record to support this allegation, the presumption of regularity applies requiring rejection of this contention (see *Matter of Werter v Board of Regents of Univ. of State of N. Y.,* 18 AD2d 1032). Although the issue has not been raised by petitioner, we are of the opinion that the board improperly referred the matter to the review committee *(Matter of Di Marsico v Ambach,* 63 AD2d 1110, mot for lv to app granted 46 NY2d 706). In *Di Marsico,* however, the review committee's report was plainly a major, if not controlling, influence on the board's decision. Such is not the case here, and we conclude that the error in referring the matter to the review committee was harmless. Petitioner also contends that he was deprived of a fair hearing in that there was no orthopedic surgeon as a member of the hearing committee. The record reveals that the hearing committee was composed of four physicians and one lay member in conformity with the pertinent statutes (Public Health Law, § 230; Education Law, § 6510-a). The presence of four physicians on the hearing committee, in our view, assured petitioner a fair hearing "by his peers". Consequently, petitioner's argument must be rejected. Nor do we find any merit in petitioner's contention that the committee was required to hear the testimony of an expert in orthopedic surgery. A qualified neurosurgeon testified concerning the operations in question and during his testimony it was conceded that there should be no difference in the result of disc surgery whether done by an orthopedic surgeon or a neurosurgeon as far as the patient is concerned. Accordingly, the hearing committee was presented with sufficient expert testimony from which to arrive at a fair and reasonable result. Considering the record in its entirety, we are of the opinion that there is substantial evidence to sustain the board's determination and, therefore, it should be confirmed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.