■ In the Matter of I. NEWTON KUGELMASS, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. —Proceeding instituted in this court pursuant to subdivision 4 of section 6510-a of the Education Law to review a determination of the Commissioner of Education, dated December 18, 1978, which revoked petitioner's license to practice medicine upon findings of fraud, gross negligence, gross incompetence, negligence, incompetence and unprofessional conduct. The petitioner was duly charged with the misconduct for which his license has been revoked and was served with a notice of such charges and the specifications of fact upon which they were based. The allegations upheld by the administrative agency relate to the petitioner's care of three specific patients and, in particular, his billing of charges for one of the patients. In what would seem to be an unfortunate cap to a professional career of more than 50 years the present record contains substantial evidence to support a finding of gross incompetence and unprofessional conduct. Since the recommendation was for revocation on each of the charges sustained, it is unnecessary to fully review or comment upon the sufficiency of the evidence as to fraud and gross negligence. The petitioner did not testify or otherwise offer any particular evidence of his treatments and billings or in any way controvert the inferences from the evidence offered. While he did request a reopening for the purpose of offering evidence after the hearing was closed and the initial adverse factual findings and disciplinary recommendations had been made, there was no substantial excuse offered for his delay. In any event, no excuse was offered for the failure of the petitioner to testify, and the refusal of the administrative agency to reopen the proceedings was not arbitrary or a denial of due process. The contention that the procedure followed by the Board of Regents in referring the matter to its internal committee and one member for presentation was illegal is without any merit. Even if the procedure is unauthorized, the record does not show any possible prejudice to the petitioner. (See *Matter of Sang Moon Kim v Ambach,* 68 AD2d 986.) Upon the present record, the punishment imposed is not shocking or unfair.

Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.