■ In the Matter of ALICE D. MAGRO, Petitioner, v GORDON M. AMBACH, as Commissioner of the New York State Education Department, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which denied petitioner's application for licensure as an ophthalmic dispenser.

Petitioner's application for an ophthalmic dispensing license filed with the Department of Education was denied on the ground that she lacked good moral character because she had practiced ophthalmic dispensing without a valid training permit in violation of Education Law § 7122. Although she was advised that she was entitled to a hearing, petitioner commenced a CPLR article 78 proceeding to compel respondent Commissioner of Education to issue her a license. This court reversed Special Term's order granting the petition and remitted the matter for a hearing in accordance with 8 NYCRR 28.5 (98 AD2d 888).

After the hearing was held before a panel of respondent State Board for Ophthalmic Dispensing (Board) at which conflicting testimony was received on the issue, the Board denied petitioner a license on the ground that she was unfit, having failed to fulfill the moral character requirement. That determination was upheld by respondent Committee on the Professions, New York Board of Regents (Committee). Petitioner then commenced the instant CPLR article 78 proceeding to review the determination and the proceeding was thereafter transferred to this court.

The relevant judicial inquiry here is whether the determination is based upon substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). As this court has stated, "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact; it is less than a preponderance of the evidence but more than mere surmise, conjecture or speculation" *(Matter of Stoker v Tarentino,* 101 AD2d 651, 652, *mod* 64 NY2d 994; *see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). A reviewing court may not overturn an agency decision unless there is no rational basis to

sustain it *(Matter of Adelman v Bahou,* 85 AD2d 862, 863, *lv denied* 56 NY2d 502).

There was evidence that petitioner dispensed eyeglasses while alone and without the presence of a licensed dispenser. Two investigators of the Board's Office of Professional Discipline testified at the hearing that each of them individually purchased eyeglasses from petitioner on two separate occasions at Korning Optical in the City of Troy, Rensselaer County, and that petitioner was without the required supervision on each occasion. Although petitioner denied this and presented an affidavit from the licensed dispenser at Korning Optical, the affidavit was silent as to his presence in the shop at the times in question. An issue of credibility was presented and it was within the Board's power to resolve it against petitioner.

The record also contained evidence that petitioner had received notice by mail that her second application for renewal of her training license had been denied and that she had been informed that only one renewal of a training permit was allowed. Additionally, the Committee concluded that even if petitioner did not know that she had no permit, she should have known. Charging her with the responsibility of acquiring such important information concerning when and if her permit could be renewed was reasonable since the permit was crucial to petitioner's livelihood.

In our view, it cannot be said that the penalty imposed " 'is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra,* quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; *see, Matter of McDermott v Murphy,* 15 AD2d 479, *affd* 12 NY2d 780). Practicing without a license has been held to constitute severe misconduct *(see, Matter of Falcone v New York State Educ. Dept.,* 50 NY2d 854, 856). Furthermore, petitioner may reapply for licensing pursuant to 8 NYCRR 24.1.

Finally, petitioner's assertion that the denial of her license was a retaliation against her for exercising her 1st Amendment rights at a public hearing before the Board in May 1981 is unpersuasive. There is no proof that the license denial had anything whatsoever to do with petitioner's statement criticizing State licensing procedures. Petitioner inappropriately cites to United States Supreme Court cases which hold that public employees may not be required to relinquish their 1st Amend-

ment rights as a condition of public employment. Petitioner is not a public employee.

To conclude, it cannot be said that the determination that petitioner is unfit to receive an ophthalmic dispensing license has no rational basis. There is evidence to support the finding that she engaged in ophthalmic dispensing without a license and without a permit in the presence of a licensed dispenser. Thus, the determination is supported by substantial evidence and the penalty imposed is not disproportionate to the offense charged. Petitioner's claim that she was denied her license in retaliation for the exercise of her 1st Amendment rights when she publicly criticized State licensing procedures is without support in the record. The determination should, therefore, be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.