■ In the Matter of DOLORES B. SMITH, Respondent, v MARIE J. SNOWDEN et al., Appellants, et al., Respondents.—In a hybrid action for a judgment declaring, *inter alia,* that the petitioner was duly elected to the Board of Directors at Rochdale Village, Inc., on October 5, 1988, and a proceeding pursuant to CPLR article 78, *inter alia,* to annul a determination of the Board of Directors, dated October 11, 1988, which, *inter alia,* refused to recognize the petitioner as a duly elected Board member, Marie J. Snowden, Ronald Ellerbee, Muriel Hunter, Clinton Stanley Diaz and Maxine Ivey appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated November 17, 1988, which, *inter alia,* declared that the petitioner was duly elected to the Board of Directors of Rochdale Village, Inc., and "assumed the office of director of the corporation * * * [on] October 11, 1988".

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants.

On October 5, 1988, the petitioner Dolores Blake Smith, was duly elected as a member of the Board of Directors of Rochdale Village, Inc., a cooperative corporation. Despite this fact, on October 11, 1988, at the first meeting of the Board of Directors after the election, the acting chairman of the Board refused to recognize the petitioner as a Board member. The chairman's actions were based on a provision of the corporation's bylaws, which he asserted rendered the petitioner ineligible for this position. Specifically, article 3, section 9 of the bylaws provides: "No person shall be eligible to be elected a Director of Rochdale Village, INC., who, at the time of his nomination, is delinquent in the payment of carrying charges".

The chairman claimed that since the petitioner was in fact consistently delinquent in the payment of the monthly carrying charges, she was not eligible to hold a position on the Board of Directors. He thereafter declared a vacancy on the Board, and directed that Marie J. Snowden replace the petitioner as Board member. The petitioner thereafter commenced this hybrid action contending, *inter alia,* that she was wrongfully removed from the Board since she was not delinquent in

making her payments, and the chairman's actions exceeded his authority. The Supreme Court agreed with the petitioner. We affirm.

The record does not support the claim that the petitioner was delinquent in the payment of her monthly carrying charges. We note that although one of the petitioner's checks was returned because of insufficient funds, it is undisputed that this occurrence was due solely to a bank error and the check was expeditiously replaced. Moreover, the chairman did not possess the authority to unilaterally remove the petitioner from office, declare a vacancy on the Board of Directors, and thereafter appoint another individual to fill this position. The chairman's actions were not supported by the provisions of the corporation's bylaws or by any statutory authority (see, e.g., Business Corporation Law § 706; Not-For-Profit Corporation Law § 706; Cooperative Corporations Law § 63). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.