In the Matter of BRIAN K. BEVACQUA, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent.

Third Department, February 6, 1992

## APPEARANCES OF COUNSEL

*Levy, Gutman, Goldberg & Kaplan (Jeremiah S. Gutman* and *Gail A. Wechsler* of counsel), for petitioner.

*Lizette A. Cantres (Frederick W. Burgess* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioner, a physician licensed to practice medicine in Pennsylvania, applied for a license to practice in New York. Shortly before applying, petitioner pleaded guilty in a Federal court in Pennsylvania to knowingly receiving hardcore child pornography (18 USC § 2252 [a] [2]); he was placed on probation for two years and fined $1,500.

After a hearing was held at petitioner's request pursuant to 8 NYCRR 28.5 to assess petitioner's moral character, a peer panel of the New York State Board for Medicine, by a 2 to 1 vote, denied petitioner's application because he did not sufficiently fulfill the moral character prerequisite for licensure.

At the time of the hearing petitioner was practicing medicine and teaching in Ohio. On appeal authorized by 8 NYCRR 28.6, the Committee on the Professions (hereinafter COP) affirmed. Thereafter, petitioner commenced the instant CPLR article 78 proceeding to annul this determination and Supreme Court, believing that a substantial evidence issue had been raised, transferred the proceeding to this court (CPLR 7804 [g]).

Initially, it is necessary to consider whether this matter is properly before this court. It is respondent's contention that Supreme Court incorrectly transferred this proceeding, that the court erroneously concluded that the standard of review is whether respondent's determination is supported by substantial evidence, and that the correct standard is the arbitrary and capricious test. Respondent would have us apply this latter test and, upon doing so, dismiss the petition.

While the principles are easily articulated, deciding what standard to invoke when reviewing an agency's determination is not always easy of resolution. If the agency determination is administrative in nature or follows an evidentiary hearing not required by law, the arbitrary and capricious test applies (CPLR 7803 [3]; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Christopher v Phillips*, 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706). If, however, the agency determination is a quasi-judicial one, namely, made "as a result of a hearing held, and at which evidence was taken, pursuant to direction by law", that determination will be upheld if, on the entire record, it is supported by substantial evidence (CPLR 7803 [4]; *see, Matter of Pell v Board of Educ., supra; Matter of Colton v Berman*, 21 NY2d 322, 329; *see also*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:2, at 26). This includes hearings required either by constitutional due process *(see, Matter of County of Cayuga v McHugh*, 4 NY2d 609, 616) or by statute and accompanying regulations *(see, Matter of Horoshko v Ambach*, 122 AD2d 447, 448; *Matter of Magro v Ambach*, 122 AD2d 321, *lv denied* 69 NY2d 609).

In the instant case, once the panel found that a substantial question existed as to the applicant's moral character and the applicant submitted a written request, the Education Department was required to provide not merely an opportunity to be heard *(cf., Matter of Colton v Berman, supra; Matter of County of Cayuga v McHugh, supra; Matter of Rochester Colony v Hostetter*, 19 AD2d 250, 252-253), but a full evidentiary hearing at which the applicant could be represented by

an attorney, produce and cross-examine witnesses, and present evidence supporting his good moral character (8 NYCRR 28.4, 28.5). Hence, the resulting determination must be supported by substantial evidence and Supreme Court properly transferred the case to this court.

Examination of the record discloses that the factors required to be considered when a prospective licensee has been previously convicted of a criminal offense (Correction Law § 753 [1]) were sufficiently developed to enable the panel majority and the COP to determine that petitioner had not clearly shown that his patients would not be exposed to an unreasonable risk of harm if he was licensed (Correction Law § 752 [2]). Although the panel majority and the COP do not state in their respective written determinations that they considered and evaluated each of those factors, it must be presumed, absent record evidence to the contrary, that they did indeed do so *(see, Matter of Sang Moon Kim v Ambach,* 68 AD2d 986, 987; *Matter of Werter v Board of Regents,* 18 AD2d 1032, *lv denied* 13 NY2d 595). "Having considered the eight factors [recited in Correction Law § 753 (1)] and determined that an unreasonable risk exists * * * [respondent] need not go further * * * to determine whether the license * * * should be granted" *(Matter of Bonacorsa v Van Lindt,* 71 NY2d 605, 613).

Given that petitioner admitted previously purchasing a videotape depicting nudity of persons in their teens and younger and using pornographic material for sexual stimulation, that the materials on which his conviction was based involved children engaged in sexual activity, that petitioner was neither involved in therapy nor planning to recommence therapy at the time of the hearing despite the recommendations of two of the three psychiatrists he saw, that he had apparently not yet explored the conflict underlying his conduct, that just a year had elapsed between his offense and his application, and that, although he plans to limit his professional activity to teaching or clinical research, his New York medical license could not be so restricted, respondent's conclusion that petitioner had failed to make a clear showing that his patients would not be exposed to a serious risk of harm

was borne out by substantial evidence *(see, Matter of Magro v Ambach,* 122 AD2d 321, *supra).*

MIKOLL, CREW III, MAHONEY and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.