■ In the Matter of STEVEN G. TELANO, Appellant, v JOHN CANFIELD, as President of the Police Benevolent Association of the New York State Troopers, Inc., et al., Respondents. (Proceeding No. 1.) In the Matter of KENNETH W. BEIJEN, Appellant, v JOHN CANFIELD, as President of the Police Benevolent Association of the New York State Troopers, Inc., et al., Respondents. (Proceeding No. 2.) [597 NYS2d 535] —Crew III, J. Appeal from a judgment of the Supreme Court (Williams, J.),

entered September 16, 1992 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to Not-For-Profit Corporation Law § 618, to, *inter alia,* restore petitioner Steven G. Telano to his position as Troop L delegate to respondent Police Benevolent Association of the New York State Troopers, Inc.

Respondent Police Benevolent Association of the New York State Troopers, Inc. (hereinafter PBA) is a not-for-profit corporation representing, in collective bargaining, approximately 4,000 State Troopers employed by the Division of State Police. The PBA is governed by a board of directors (hereinafter the Board), and its officers include a president, vice-president, secretary and treasurer who, in turn, are responsible for the day-to-day operations of the PBA. Only members of the Board may be candidates for an officer position, and officers are elected by the entire PBA membership unless the candidate in question runs unopposed. In accordance with the PBA bylaws the Election Committee, which is comprised of the PBA secretary and two other PBA members, is responsible for the conduct of all elections and is empowered to prescribe such rules as may be necessary to elect, among others, officers and Board members.

Petitioner in proceeding No. 1, Steven G. Telano, was duly elected to the Board as a delegate for Troop L in May 1989. Telano's term was due to expire on May 30, 1992 and, on or about May 13, 1992, Telano was certified by the PBA's secretary, Timothy Thisse, for an additional three-year term beginning June 1, 1992.[1] Thereafter, on June 11, 1992, the Board convened for the purpose of electing new officers. It was apparently Telano's intention to run for the position of treasurer, and petitioner in proceeding No. 2, Kenneth W. Beijen, apparently intended to challenge respondent John Canfield for the position of president. Prior to the start of the meeting, Thisse informed Telano that the incumbent treasurer, Richard Fairchild, had charged that Telano was holding a Board position in violation of article V, § 8 of the PBA bylaws which provides, in pertinent part, that "any member who [has] held any office in any other employee organization at any time within [the preceding year] shall not be eligible as a candidate for, or to hold, [a PBA] office". It was alleged that because Telano also served as the president of the Fraternal Order of Police, State of New York, State Troopers Lodge No. 11

---

1. As Telano ran unopposed, there was no need for a full membership election.

(hereinafter FOP) during the relevant time period, he was no longer eligible for a Board position. Although Telano asserted that the FOP was merely a fraternal association, Thisse successfully moved to declare Telano ineligible to serve as the Troop L delegate and, as a result, Telano was precluded from running for treasurer and was not allowed to second Beijen's nomination for president. Canfield and Fairchild thus ran unopposed and were reelected for additional terms of office. Canfield subsequently appointed respondent Thomas R. Collins as the acting delegate for Troop L.

Telano and Beijen (hereinafter collectively referred to as petitioners) thereafter commenced these proceedings seeking, *inter alia,* to vacate the June 11, 1992 election results and to obtain a declaration that they were properly nominated for their respective positions, thereby necessitating a full membership election. Following joinder of issue, Supreme Court joined these proceedings and dismissed the petitions, finding, *inter alia,* that there was a rational basis for respondents to conclude that the FOP was an "employee organization" within the meaning of the bylaws and rejecting Telano's assertion that his removal from the Board was in violation of Not-For-Profit Corporation Law § 706 (c) (2). This appeal by petitioners followed.

Initially, we reject petitioners' assertion that the Board's disqualification of Telano was arbitrary and capricious *(see generally, Matter of Bevacqua v Sobol,* 176 AD2d 1, 3). Based upon our review of the record as a whole, and more particularly the documents available to the Board at the time it rendered its decision, we conclude that there is a rational basis for the Board's determination that the FOP was an employee organization within the meaning of the PBA bylaws. Although Telano averred that the New York chapter of the FOP "is merely a social, fraternal and charitable organization" which neither represents employees nor has as its purpose the improvement of the terms and conditions of members' employment, the documentary evidence submitted by respondents supports the Board's determination in this regard.

Having concluded that the Board was justified in finding that Telano was ineligible to hold his position as a Troop L delegate, we must now determine whether the procedure followed by the Board in removing Telano from his position was valid. Petitioners argue that if the Board wished to remove Telano from his position as a Troop L delegate, it was obligated to either follow the procedure for removal set forth

in article V, § 11 of the bylaws or commence a proceeding to challenge Telano's election to the Board in accordance with Not-For-Profit Corporation Law § 618.[2] We agree.

As a starting point, we reject respondents' assertion that Telano was not "removed" from the Board but, rather, was merely declared "ineligible" to hold his position. Although it is clear that Telano was ineligible to serve on the PBA Board by virtue of the position he held in the FOP, it is equally clear that he was in fact removed from his position as a Troop L delegate. To that end, article V, § 11 of the bylaws provides, in pertinent part, that "[r]emoval of a Director shall be in accordance with [Not-For-Profit Corporation Law § 706 (c) (2)]" which, in turn, provides that "[w]hen by the provisions of the certificate of incorporation or the by-laws the members of any class or group * * * voting as a class, are entitled to elect one or more directors, any director so elected may be removed only by the applicable vote of the members of that class or group * * * voting as a class".[3] Telano, having been duly certified for an additional term as a delegate for Troop L, could only be removed under article V, § 11 of the bylaws by a vote of the Troop L membership. As respondents point out, such an interpretation of article V, § 11 effectively vests the authority to determine Telano's eligibility for office in the Troop L membership. We cannot ignore, however, the express provisions of the bylaws, and this anomaly may be remedied by simply amending the bylaws to provide for an alternative procedure where, as here, a director is found to be ineligible during his or her term of office.

Having failed to remove Telano in accordance with the bylaws or, alternatively, commence a proceeding pursuant to Not-For-Profit Corporation Law § 618 to challenge Telano's election as a Troop L delegate, the Board's purported removal of Telano was procedurally defective (cf., Matter of Smith v Snowden, 156 AD2d 693). However, in light of our conclusion that the record supports the Board's determination that Telano was ineligible to serve as the Troop L delegate, Telano is

---

2. Not-For-Profit Corporation Law § 618 provides that "[u]pon the petition of any member aggrieved by an election and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the [S]upreme [C]ourt * * * shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require".

3. In accordance with article V, § 2 of the bylaws, Telano and the other directors or delegates were elected by the members of their particular group.

not entitled to be restored to his position and, indeed, no purpose would be served in doing so. Therefore, given the broad equitable power conferred by Not-For-Profit Corporation Law § 618 to "take such other action as justice may require" and the fact that all necessary parties are presently before the court, we will treat respondents' answers, under the unique facts of this particular case, as seeking affirmative relief and, accordingly, declare that Telano is hereby removed from the PBA Board. Petitioners' remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.