■ In the Matter of Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Erie County Local

815, ERIE COUNTY WHITE COLLAR EMPLOYEES UNIT, Petitioner, v STATE OF NEW YORK, PUBLIC EMPLOYMENT RELATIONS BOARD, et al., Respondents. [624 NYS2d 285] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which denied petitioner's request to reopen an improper practice charge.

Following past practice, John Finster, an employee of Erie County, requested compensatory time for the 3.25 hours he spent traveling between his home and the site of a business meeting on June 26, 1991. When his request was denied, Finster filed a grievance pursuant to the terms of the collective bargaining agreement between petitioner and the County. Besides the grievance, petitioner filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) charging that the County refused to negotiate in good faith (see, Civil Service Law § 209-a [1] [d]). On consent of the parties, the Administrative Law Judge (hereinafter ALJ) conditionally dismissed the improper practice charge subject to a motion to reopen and deferred the question of whether PERB had jurisdiction until Finster's grievance was resolved.

On June 10, 1992 the arbitrator denied the grievance. Thereafter, petitioner moved to reopen the improper practice charge but the ALJ, finding PERB lacked subject matter jurisdiction, dismissed the charge. Petitioner responded by filing exceptions to the ALJ's decision with PERB, which declined to reopen the case despite having reversed the ALJ's determination that it lacked jurisdiction. This CPLR article 78 proceeding ensued.[1]

PERB's decision not to reopen was made in accordance with its established policy of deferring to the decisions of an arbitrator on the merits of an improper practice charge. PERB follows this policy where the issues were fully litigated before the arbitrator, the proceeding was not tainted by procedural irregularities or unfairness, and the arbitrator's determination was not clearly repugnant to the policies and purposes of the Taylor Law (Civil Service Law art 14) (see, New York City Tr.

---

1. Inasmuch as PERB did not hold a hearing, we shall apply the arbitrary and capricious standard of review (see, Matter of Bevacqua v Sobol, 176 AD2d 1, 3).

*Auth. [Bordansky],* 4 PERB ¶ 3031). Inasmuch as petitioner does not raise any issues regarding the first two criteria, the issue here distills to whether PERB's determination that the arbitrator's decision was not repugnant to the Taylor Law is arbitrary and capricious.

The genesis of this dispute was the County's unilateral amendment of its travel policy in April 1991, which eliminated the past practice of paying compensation to employees for portal-to-portal travel time when they were required to attend work-related functions away from their work location.[2] The arbitrator's reading of section 38.3 of the collective bargaining agreement led him to conclude that the County had the right to make the amendment.[3]

In reaching its determination, PERB accepted the arbitrator's interpretation of section 38.3 and then applied its decision in *State of New York (Unified Ct. Sys.)* (25 PERB ¶ 3035) where it concluded that, because the contract gave the employer unrestricted discretion regarding the granting of paid leave for a certain purpose, the bargaining unit effectively waived its right to further bargain and lost its right to maintain a unilateral change cause of action. It noted that the circumstances here are indistinguishable from those in *State of New York (Unified Ct. Sys.) (supra),* and thus concluded that the arbitrator's decision was not repugnant to the Taylor Law since petitioner waived the right to bargain over travel time compensation.

We find no fault with PERB's acceptance of the arbitrator's interpretation of section 38.3 since our analysis of the language of that section comports with that of the arbitrator. We reject petitioner's argument that compensation for overtime is not an expense within the meaning of section 38.3 since that section does not, as petitioner contends, refer to "expenses of employees" which would arguably limit its reach to expenses incurred by the employee, such as meals, lodging or mileage

2. This amendment reads: "County employees will be compensated for travel time needed to attend in-County events, if such travel is performed on a continuous work day basis from one business site to another. However, travel time will not be compensated if travel is from a non-business site (home) to an event, or from an event to a non-business site (home) at the conclusion of the event."

3. Section 38.3 entitled "Travel Policies" reads: "The policies and procedures covering expenses for employees conducting official County business are reflected in the Rules and Regulations issued by and on file in the Budget Office of the County of Erie as amended by the Budget Office from time to time."

reimbursement. Instead, the section utilizes the broader term "covering expense for employees" which can be reasonably interpreted to include the County's labor costs associated with employee travel. Accordingly, for these reasons, we find that PERB's determination is not arbitrary and capricious as it has a rational basis *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.