■ In the Matter of WESTCHESTER COUNTY POLICE OFFICER'S BENEVOLENT ASSOCIATION, INC., Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [753 NYS2d 395] —Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 17, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board dismissing an improper practice charge filed by petitioner against respondent County of Westchester.

Petitioner's improper practice charge against respondent County of Westchester was dismissed by respondent Public Employment Relations Board (hereinafter PERB) when PERB concluded that this maintenance of standards grievance was subject to binding arbitration under paragraph 1.6 of the collective bargaining agreement (hereinafter CBA) between petitioner and the County. Contending that the wording of paragraph 1.6 of the CBA excluded the binding arbitration step of the CBA's grievance procedure, petitioner commenced

this proceeding to overturn PERB's ruling.* Supreme Court found that the parties did not eliminate arbitration for such grievances when a four-step grievance procedure was substituted in 1981 for the three-step procedure of earlier agreements. Inasmuch as arbitration had been the final step of the earlier three-step procedure, and the four-step procedure simply added a new step prior to arbitration and kept arbitration as the final step, Supreme Court held that PERB's interpretation of paragraph 1.6 of the CBA was rational and dismissed the petition. Petitioner appeals, and we affirm.

The appropriate standard of review of the correctness of PERB's interpretation of the CBA is whether the determination is "rational, reasonable, legally permissible and * * * supported by the text of the [a]greement" (*Matter of Patrolmen's Benevolent Assn. of Vil. of Walden v Kinsella*, 263 AD2d 885, 888). Here, the text of paragraph 1.6 of the CBA states: "Conditions of employment * * * shall not be reduced without good cause * * *. 'Good cause' may be determined through the grievance procedure herein, including Step 3." In this context, the use of the word "including" denotes that step 3 is simply one part or element of the grievance procedure that may be utilized (*see* Random House Webster's Unabridged Dictionary, 967 [2d ed 2001]). Logic and the ordinary meaning of "including" do not lead to the conclusion that grievances are to be processed through step 3 only. Even if the term "including" were ambiguous, thus permitting extrinsic evidence of the parties' intent (*see Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267), we agree with Supreme Court that the testimony confirms that the parties did not discuss the impact of the change from a three to a four-step procedure on paragraph 1.6 of the CBA, and that the intended reference of the above-quoted phrase was to the last step, which continued to be binding arbitration.

We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Supreme Court initially dismissed the petition as seeking judicial review of a nonfinal determination. On appeal, this Court reversed and remitted the matter (279 AD2d 847, *lvs dismissed* 96 NY2d 886, 97 NY2d 692).