Rose, J.
Petitioner filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that respondent County of Westchester had refused to negotiate an issue in violation of Civil Service Law § 209-a (1) (d). Based upon PERB’s earlier finding — affirmed by us in Matter of Westchester County Police Officer’s Benevolent Assn. v Public Empl. Relations Bd. (301 AD2d 850, 851 [2003]) — that the “maintenance of standards” clause in the governing collective bargaining agreement (hereinafter CBA) provided petitioner with a reasonably arguable right to submit the conduct alleged in the improper practice charge to binding arbitration, PERB applied its merits deferral policy and conditionally dismissed the charge pending the outcome of binding arbitration conducted pursuant to the negotiated grievance procedure. Petitioner then commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition, agreeing with PERB that the charge raised an issue covered by the CBA and, thus, provided a reasonable basis for PERB to apply its policy of deferring the matter to binding arbitration. Petitioner appeals.
Rather than challenge the specific application of PERB’s merits deferral policy here, however, petitioner attacks the policy in general, contending that it is an abandonment of the exclusive, nondelegable jurisdiction over improper practice *1156 charges granted to PERB by Civil Service Law § 205 (5) (d). We cannot agree. As persuasively articulated by PERB in Matter of New York Tr. Auth. [Bordansky] (4 PERB ¶ 3031 [1971]), the merits deferral policy utilizes agreed-upon binding arbitration to determine contractual grievances in furtherance of the stated goal of the Taylor Law to encourage employers and public employees to agree upon dispute resolution procedures (see Civil Service Law § 200 [c]). Application of the policy results in a conditional dismissal, meaning that the improper practice charge remains subject to being reopened before PERB after the conclusion of the arbitration process (see e.g. Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1480 [2012]). Further, the merits deferral policy has been judicially recognized in the past (see Matter of County of Saratoga v New York State Pub. Empl. Relations Bd., 21 AD3d 1160, 1164 n [2005]; Matter of County of Erie v State of New York, 14 AD3d 14, 17 [2004]; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Erie County Local 815, Erie County White Collar Empls. Unit v State of N.Y., Publ. Empl. Relations Bd., 213 AD2d 897, 898 [1995]), and the courts have generally deferred to PERB’s interpretation of its jurisdiction under Civil Service Law § 205 (5) (d) (see Matter of Roma v Ruffo, 92 NY2d 489, 498 [1998]). Accordingly, we find that the petition was properly dismissed, and we need not reach respondents’ reliance on res judicata as an alternative basis for affirmance.
Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.