Harold E. Koreman, J.
In a proceeding brought pursuant to article 78, CPLR, petitioner seeks an order transferring his application for review of the action taken by respondent to the Appellate Division, Third Department, so that that court may review and annul respondent’s order denying restoration of petitioner’s license to practice medicine and surgery in the State of New York and direct the restoration of such license. Respondent has filed objections in point of law with its answer, alleging that the petition fails to state facts sufficient to entitle petitioner to the relief sought, and, further, that if it is sought to review respondent’s determination revoking petitioner”s license, it is time barred (CPLR 217). In any event, respondent contends that the instant proceeding is not transferable to the Appellate Division but should be dismissed on the merits by this court.
The record discloses that petitioner’s license to practice medicine in this State was revoked by respondent and an order *971 served on April 1, 1960. This action was taken pursuant to the authority vested in respondent by section 6514 of the Education Law, following petitioner’s conviction of a criminal offense in the State of Maryland which, if committed in this State, would constitute a felony under the laws thereof. (Education Law, § 6502.) Petitioner did not appeal to the courts from respondent’s order revoking his license. However, on October 4, 1965 and again on October 2, 1967, after submitting a certificate of good conduct granted by the Board of Parole, petitioner applied to respondent for restoration of his license to practice (Education Law, § 6502), which was denied. Petitioner contends that, based upon the evidence submitted of his complete rehabilitation and his fitness to practice his profession, the certificate of good conduct granted by the Board of Parole, he was entitled to the restoration of his license and that in refusing to do so, respondent was motivated by its improper and erroneous conclusion that the offense for which petitioner was convicted, and which resulted in the revocation of his license, would be a felony under New York law.
A review of respondent’s determination may not be transferred to the Appellate Division in the absence of any direction by law for a hearing at which evidence was taken. (CPLR 7804, subd. [g]; 7803, subd. 4.) There is no statutory requirement for a hearing on an application for restorjation of a license to practice medicine (see Education Law, § 6502), and the determination of whether or not it should be restored is left to the discretion of respondent to be exercised in certain cases. Nor is the transfer dictated by subdivision 5 of section 6515 of the Education Law, as petitioner contends. That section has application to the commencement of proceedings under article 78 in the Appellate Division to review determinations of respondent revoking or suspending the license of any practitioner, or otherwise reprimanding or disciplining him, and does not pertain to an application for restoration of a license to practice. 'Consequently, the matter is properly before this court for determination on the merits.
The only issue to be determined here is whether respondent properly exercised its discretion in denying the petitioner’s application, and any question as to the propriety or legality of the revocation cannot be considered at this time, nor would it be subject to review by this court in any case. The burden rests on petitioner, not merely of application but of submitting to respondent satisfactory evidence that ‘‘ would compel affirmative action from a board which has ‘ discretion ’ to restore or to refuse to restore.” (Matter of Jablon v. Board of Regents, *972 271 App. Div. 369, 373 [3d. Dept.], affd. 296 N. Y. 1027). The statute permitting restoration of a medical license was intended only “ ‘ to apply to exceptional cases where the merit of the applicant is clearly established to the satisfaction of the Regents. The burden of proof is upon the applicant.’ ” (Matter of Jablon v. Board of Regents, supra, p. 373.)
The courts will not interfere with administrative bodies in the performance of duties which are discretionary in nature or involve the exercise of judgment. On the record here it cannot be said that petitioner has sustained the burden of proving that respondent abused its discretion in refusing to restore petitioner’s license, or that its action was arbitrary, unfair or capricious. Accordingly, the petition is dismissed.