In the Matter of HAROLD NISNEWITZ, Appellant, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered August 26, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination denying restoration of petitioner's license to practice public accountancy. Petitioner, a licensed public accountant, was convicted following trial of six counts of falsification of bank loan applications for individuals and one count of conspiring to wrongfully invest proceeds of a bank loan. He served nine months in prison and five years' probation. His license was revoked effective April 20, 1977 following a hearing on charges of violation of subdivision (9) of section 6509 of the Education Law and Federal statutes. This determination was confirmed by this court (67 AD2d 743, mot for lv to app den 46 NY2d 712). On December 18, 1981, petitioner's application for restoration of his license was denied by the Board of Regents which determination was affirmed by the Commissioner of Education on February 1, 1982. Special Term denied peti-

tioner's CPLR article 78 petition to annul the determination giving rise to this appeal. Restoration of a license, contrary to petitioner's contention, is not an absolute right. The statute confers upon the Board of Regents the power of restoration (Education Law, § 6511), the exercise of which rests in the discretion of the Regents. Here, the Regents adopted the recommendation of its Committee on the Professions of the State Board of Accountancy for denial of the petition which was based upon a finding that neither the petition nor statements made at the hearing reflected an understanding of the importance of integrity in the practice of accountancy. In his petition for restoration, petitioner emphasized that the events which led to revocation "was *only one event* in an otherwise perfect professional career". The Committee on the Professions, contrary to the finding of the Peer Committee Panel, determined that petitioner either forgot or chose to deem irrelevant four separate disciplinary investigations of his alleged professional misconduct between 1960 and 1975, each of which were closed by issuance of administrative warnings and petitioner's assurances that he would refrain from further misconduct. It is significant to note that these prior administrative disciplinary investigations and dispositions were brought to petitioner's attention in the Peer Committee proceedings which preceded the hearing before the Committee on the Professions. Petitioner argues that these prior proceedings were irrelevant to a determination upon his restoration petition and should not have been considered. We disagree. The Legislature has vested in the Board of Regents the responsibility to insure the public that those engaged in the practice of professions have both full awareness and regard of the highest ethical, moral and legal standards. Restoration of a license may only be granted when an applicant has sustained his burden of clearly establishing to the satisfaction of the Board of Regents that he is entitled to restoration (*Matter of Erlanger v Regents of Univ. of State of N. Y.,* 256 App Div 444, affd *sub nom. Matter of Levi v Regents of Univ. of State of N. Y.,* 281 NY 627). The law reposes discretion in the Board of Regents, not in the courts, and it is well established that the courts may not control the exercise of that discretion (*Matter of Jablon v Board of Regents,* 271 App Div 369, 373, affd 296 NY 1027). The applicable regulations (8 NYCRR 24.1 [c]) and statute (Education Law, § 6511) are silent with respect to any limitation or constriction upon the board, restoration of a license clearly being permissive only, not mandatory. Contrary to petitioner's argument, it is well-established law that the commissioner is empowered to substitute his judgment for that of a hearing officer or panel whose actions he is reviewing (*Matter of Shurgin v Ambach,* 83 AD2d 665, 666, affd 56 NY2d 700). In the absence of any proof in this record to support any allegation of irregularity or unlawful procedure, the presumption of regularity applies, requiring rejection of petitioner's contentions (*Matter of Davis v Ambach,* 91 AD2d 1113; *Matter of Sang Moon Kim v Ambach,* 68 AD2d 986). An agency interpretation of its own regulations is entitled to great weight and will be upheld if not irrational or unreasonable (*Matter of Johnson v Joy,* 48 NY2d 689; *Matter of Bernstein v Toia,* 43 NY2d 437). We cannot say upon this record that respondent's determination was unlawful, arbitrary or capricious and, accordingly, we affirm (see *Matter of Strongin v Nyquist,* 44 NY2d 943). Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.