■ In the Matter of SOPHIE HOROSHKO, Petitioner, v GORDON M. AMBACH, as President of the University of the State of New York and Commissioner of Education, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which denied petitioner's application for a license to practice medicine in New York.

In 1980, petitioner applied for a license to practice medicine in New York. Due to the previous revocation of petitioner's license to practice medicine in Illinois and her conviction of a crime, the Department of Education's Office of Professional Discipline notified petitioner that an inquiry into her "moral character" was necessary (see, Education Law § 6524 [7]; 8 NYCRR part 28). Following a hearing before a panel of the Department's State Board for Medicine (Board) (see, 8 NYCRR 28.5), it was determined that petitioner did not fulfill the "good moral character" requirement for issuance of a physician's license (see, Education Law § 6524 [7]). Upon review by respondent Committee on the Professions (Committee) (8 NYCRR 28.6), the Board's finding was affirmed, principally because of petitioner's history of drug addiction and her present refusal to acknowledge this background. Petitioner thereafter commenced the instant CPLR article 78 proceeding, which was transferred to this court to annul the determination of the Committee as lacking in substantial evidence.

We confirm. The Legislature has vested the Department with the essential responsibility of ensuring that the practice of medicine is entrusted only to applicants of "good moral character" (Education Law § 6524 [7]; see, Hawker v New York, 170 US 189, affg 152 NY 234, 241-243; Matter of Nisnewitz v Board of Regents, 95 AD2d 950, 951). The record contains documentary evidence, received without objection, verifying the fact that, in 1958, petitioner's license to practice medicine was revoked in Illinois upon a determination that she was addicted to a narcotic drug (demerol). In 1961, petitioner was convicted in Florida of criminal possession of narcotics (dem-

erol) and was sentenced to two years' imprisonment. In this proceeding, petitioner maintains that the Board failed to substantiate a history of drug addiction inasmuch as the evidence underlying the Illinois license revocation and Florida conviction was not presented. Contrary to petitioner's argument, the validity of these prior proceedings is not subject to collateral attack in the instant matter *(see, Matter of Jablon v Board of Regents,* 271 App Div 369, 372-373, *affd* 296 NY 1027).

The essential inquiry, as focused upon by the Committee, is whether petitioner has come to terms with these past events and is presently qualified to practice medicine in this State. During the hearing before the Board, petitioner controverted the validity of both the license revocation and conviction, and affirmatively denied that she was ever addicted to narcotic drugs. In view of petitioner's repeated denials of past drug involvement, the Committee was clearly authorized to question her present credibility and honesty. Although we recognize that petitioner has successfully worked in various capacities in the medical field over the past two decades and has received a certificate for foreign medical graduates, we cannot say that the Committee abused its broad discretion in determining that she did not qualify for issuance of a physician's license for want of "good moral character".

Petitioner's further contention that she was deprived of a fair hearing is not supported in the record. There is no due process right to an evidentiary hearing in license application matters *(see, Matter of Lock v New York State Educ. Dept.,* 102 AD2d 979, 980, *lv denied* 64 NY2d 604). Nonetheless, pursuant to the Department's governing regulations (8 NYCRR 28.5), petitioner was given timely notice of the proceedings and a full opportunity to be heard. While petitioner complains that she was not allowed sufficient time to review the documentary evidence presented at the hearing before the Board, the hearing transcript indicates that she did briefly review these materials and made no request for an adjournment. Moreover, petitioner was given an opportunity to document her testimony after the hearing. The review procedure pursued here was clearly constitutional.

The decision is supported by substantial evidence and we, accordingly, confirm *(see, Matter of Marburg v Cole,* 286 NY 202).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.