■ In the Matter of LARRY J. GREENBERG, Appellant, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered August 22, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for restoration of his license to practice medicine.

In 1986 petitioner, a physician, pleaded guilty to a number of the 25 specifications of professional misconduct then pending against him and filed an application with respondent to voluntarily surrender his license to practice medicine in New York. The application was subsequently granted effective August 13, 1986 and, one year later, petitioner applied to have his license restored. The matter was referred to a peer committee of the State Board for Medicine, which voted 2 to 1 to recommend restoration of petitioner's license. Thereafter, the Committee on the Professions (hereinafter COP) reviewed the peer committee recommendation and voted unanimously to recommend to respondent that petitioner's application be denied. In May 1989, petitioner was advised that respondent had adopted the recommendation of the COP and that his application for license restoration was denied. Petitioner subsequently made application for reconsideration in accordance with 8 NYCRR former 24.8 (now 8 NYCRR 24.9) which, after review by both the COP and respondent, was denied. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Initially, we find no merit to the claim that petitioner was denied due process by virtue of respondent's failure to give him reasonable notice of the standards applicable to license restoration applications, to afford him an opportunity to make a statement before the COP or to make a record of the proceedings before the COP. First, in June 1987,

two months before he applied for restoration, petitioner was advised that he would need to demonstrate that (1) he had been rehabilitated, (2) the events leading to the surrender of his license were not likely to recur, and (3) he was currently competent to practice the profession. Moreover, petitioner concedes that he was advised in October 1987, eight months before the first hearing on his application, that the criteria for restoration would be remorse, rehabilitation and re-education, which criteria were actually employed. Second, petitioner acknowledged in his petition that he was permitted to make an opening statement to the COP in which he addressed the relevant criteria for license restoration. Third, as in the case of an initial application (see, Matter of Horoshko v Ambach, 122 AD2d 447, 448), the pertinent regulations do not require that a transcript be made of proceedings conducted in connection with an application for reinstatement or restoration of a license (see, 8 NYCRR 24.5, 24.7, 24.9; cf., 8 NYCRR 28.5).

Finally, on the record before us it cannot be said that respondent abused its discretion in refusing to restore petitioner's license. Notably, the initial burden was on petitioner to submit evidence such as would "compel" the exercise of discretion in his favor (see, Matter of Jablon v Board of Regents, 271 App Div 369, 373, affd 296 NY 1027), and that discretion reposes in respondent and not in the courts (supra; see, Matter of Nisnewitz v Board of Regents, 95 AD2d 950, 951).

Mahoney, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.