■ In the Matter of FREDERICK D. MELONE, Appellant, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Kahn, J.), entered August 20, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents denying petitioner's request for restoration of his license to practice dentistry in New York.

The issue herein is whether respondent Board of Regents (hereinafter the Board) abused its discretion in denying petitioner's request for reinstatement of his dental license. The petition for restoration was filed pursuant to Education Law § 6511, which grants the Board permission to restore a revoked license. Though the right to grant readmission is permissive and not mandatory, petitioner urges that there are limits to the discretion held by the Board and that the Board abused its discretion in this case.

The factual underpinning of this matter is as follows. Petitioner, a dentist since 1969, lost his license to practice dentistry pursuant to charges brought in January 1983. After being found guilty of inappropriate physical and sexual contact with five children, four from one family and one from another, petitioner's license was revoked in October 1984 (see, Matter of Melone v State of New York Educ. Dept., 115 AD2d 854). The present request for restoration was commenced in July 1987. After an extensive hearing, the Peer Committee of the State Board for Dentistry recommended license restoration with a probationary term of five years pursuant to certain terms and conditions.

During the proceedings conducted by the Peer Committee, petitioner testified to the devastating emotional and financial effect the revocation of his license had on his life, the bankruptcy and the breakup of his marriage after the disciplinary proceeding, his work as a sales clerk for minimum wages, his enrollment in college to pursue the study of anthropology to improve his work status should his license not be restored, and his psychiatric treatment to help him cope with the stress in his life. Petitioner also submitted psychiatric evaluations from a psychologist and physician indicating no sexual aberration in his personality and the statements of, among others, patients and friends in support of his application for reinstatement. Petitioner indicated that if his license was restored, he would only maintain an adult practice in a group setting and that he was willing to submit to all probationary terms prescribed. He also indicated that he had kept abreast of changes in dentistry by personal study and extension courses.

Thereafter, the Committee on the Professions (hereinafter COP) met pursuant to 8 NYCRR 24.7 (b) to examine the record and make a recommendation to the Board. In its report, the COP noted that petitioner stated that he did not challenge the finding of the original Hearing Panel because "based upon what was presented, they could find no other way". He also stated that he believed he had learned to

exercise more caution with patients. The COP also noted that petitioner continued to maintain his innocence of the original charges. The COP recommended denial of petitioner's application, stating that it found that petitioner "did not present sufficient insight or remorse with regard to the conduct which led to his original conviction" and that it was not "persuaded that he [had] been sufficiently rehabilitated and [was] prepared to reenter the practice at this time". The Board affirmed the recommendation of the COP and denied petitioner's request for restoration. Petitioner then commenced this proceeding; after Supreme Court dismissed his petition, this appeal by petitioner followed.

Petitioner contends that the COP's review lasted only 20 minutes, during which it primarily questioned petitioner as to matters relating to the question of his guilt or innocence of the original charges against him and his initial appeal to this court challenging the revocation of his license. Petitioner states that the COP indicated that it did not desire statements from petitioner or his counsel in support of his request for restoration. Counsel for respondents did not appear and presented no evidence against restoration. After review by the COP, the Board considered the matter in executive session. Petitioner was not permitted to attend. The Board recommended denial of the request and its recommendation was implemented by respondent Commissioner of Education. In dismissing the petition, Supreme Court indicated disagreement with the Board's denial but affirmed, noting that "courts will not interfere * * * in the performance of duties which are discretionary in nature or involve the exercise of judgment" (quoting *Matter of Reddick v Board of Regents,* 58 Misc 2d 970, 972).

We reverse. The issue here distills to whether the continued revocation of the license and refusal to reissue it, under the circumstances of this case, constitutes an abuse of the Board's discretion. An individual seeking restoration of a professional license following revocation bears the burden to submit such evidence as would compel the exercise of discretion in his favor *(see, Matter of Greenberg v Board of Regents,* 176 AD2d 1168).

Although the record here was sufficiently developed to permit the COP to make an informed decision, we are unable to discern a balanced evaluation of factors germane to restoration, i.e., gravity of the offense, petitioner's rehabilitation, risk of harm to the public and professional competence. Rather, the record discloses that the COP's irritation with this matter

appeared to be focused on petitioner's continued protestations of innocence of the original charges or, as the COP character-ized it, his "lack of remorse". Petitioner recognized the seri-ousness of the original charges and realized that the discipline imposed was legally justified in view of the state of the hearing record. He also resorted to psychiatric assistance, continued to study in his professional discipline, worked at low-paying jobs and returned to college to study another profession to improve his economic situation and become more productive. In addition, petitioner's recognition that he must be more mindful of the impact of his actions on others, coupled with the impact on his life, his successful overcoming of financial bankruptcy and emotional devastation, and his willingness to accept all the terms suggested by the Peer Committee to protect the public, represent positive factors indicating a dramatic rehabilitation, the unlikelihood of repe-tition and current competency in the field of dentistry. We find the basis of denial by the Board, that is, that petitioner did not present sufficient insight, did not adequately deal with circumstances leading to the revocation and was not ade-quately prepared to reenter his profession, to be contradicted by the record. In our view, the Board's determination is irrational and unreasonable and constitutes an abuse of dis-cretion. Petitioner need not surrender his contention that he is innocent of the original charges in order to be readmitted to his profession. Accordingly, the matter should be remitted to the Board for further consideration of petitioner's application.

Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this court's decision.