■ In the Matter of HUGO L. VILORIA, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent. [597 NYS2d 218] —Appeal from a judgment of

the Supreme Court (Torraca, J.), entered January 13, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for restoration of his license to practice medicine in New York.

Petitioner lost his license to practice medicine because of professional misconduct concerning his alleged sexual activity with a 14-year-old female patient (see, Matter of Viloria v Sobol, 152 AD2d 92). In rejecting his contention that his request for reinstatement should have been granted, we note that restoration of a license is permissive, not mandatory, and is a matter within respondent's discretion (see, Matter of Nisnewitz v Board of Regents, 95 AD2d 950). Petitioner bore the burden of submitting such evidence as would "compel" the exercise of this discretion in his favor (see, Matter of Greenberg v Board of Regents, 176 AD2d 1168). Here, in recommending that petitioner's request be denied, the Peer Review Panel of the State Board for Medicine noted that he continued to offer the same explanations in defense of the original charges. The Panel also found that even if his assertions regarding the patient's character and actions were true, his response to those actions, for which he was disciplined, was totally inappropriate. In addition, although petitioner admitted to faulty judgment, the Panel determined that he did not fully understand in what way that was so or the harm his conduct could cause. He continued to blame his accuser and the police for what happened. The Panel also pointed to petitioner's failure to take steps to address the problem in his re-education or rehabilitation. Ultimately, upon completion of the administrative review process, the Panel's findings and recommendations were accepted by respondent.

A balanced evaluation of the factors pertinent to restoration was undertaken; there was a rational and reasonable basis for the conclusion that petitioner had not gained any insight from the prior disciplinary proceeding and that he failed to accept responsibility for his actions (cf., Matter of Melone v State of New York Educ. Dept., 182 AD2d 875). Thus, on the record before us, it cannot be said that respondent abused his discretion in refusing to restore petitioner's license (see, Matter of Greenberg v Board of Regents, supra).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.