■ In the Matter of ROSHAN LAL JAIN, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent. [605 NYS2d 567] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for restoration of his license to practice medicine.

Petitioner's license to practice medicine in New York was revoked in 1986 upon several specifications of misconduct, including the finding that he had practiced medicine while his ability was impaired. In April 1988 petitioner sought restoration of his medical license. After a Peer Panel, consisting of two practicing physicians and a layperson, unanimously recommended denial of petitioner's application, the matter was administratively remanded to the Peer Panel for a complete evaluation of petitioner by a psychiatrist satisfactory to both the Peer Panel and petitioner. The psychiatrist conducted an extensive examination over a five-month period and concluded that he was unable to establish the presence of a major mental disorder of petitioner. The psychiatrist did, however, find evidence of organic impairment and cognitive difficulties, including the slowness with which petitioner processes information. As a result, the psychiatrist recommended that if it could be arranged, petitioner's license should be reinstated for a probationary period with close medical supervision and follow-up psychological testing after one year to ensure that

petitioner's cognitive weaknesses are stable ones which are not changing over time. The Peer Panel found that the psychiatrist's report "confirms our belief that the applicant suffers from a cognitive impairment that affects his judgment and therefore his fitness to practice medicine". The Board of Regents ultimately voted to deny petitioner's request for restoration of his medical license and respondent issued a determination to that effect. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination.

Restoration of a professional license is a permissive, not mandatory, matter within respondent's discretion (see, Matter of Nisnewitz v Board of Regents, 95 AD2d 950, 951), and petitioner bore the burden of submitting evidence to establish that his license should be restored (see, Matter of Greenberg v Board of Regents, 176 AD2d 1168, 1169). The scope of judicial review in such cases is the abuse of discretion standard of CPLR 7803 (3) (see, Matter of Viloria v Sobol, 192 AD2d 969, lv denied 82 NY2d 655; Matter of Melone v State of New York Educ. Dept., 182 AD2d 875-877; Matter of Greenberg v Board of Regents, supra, at 1169) and, therefore, Supreme Court erred in transferring the matter (see, CPLR 7804 [g]).

Petitioner contends that respondent's refusal to restore his license lacks a rational basis. We disagree. Although the psychiatrist was unable to establish the presence of a major mental disorder and recommended a closely supervised probationary period of license restoration, his report also indicated objective evidence of cognitive disabilities which were a reason for the psychiatrist's concern and which confirmed the Peer Panel's observation of cognitive impairment. Petitioner points to the report of a physician who apparently examined petitioner and found no organic impairment, but the evidence of petitioner's cognitive difficulties remains undisputed. Petitioner claims that his difficulties are caused by language and cultural barriers which stem from his having been born, raised and educated in India. This claim not only overlooks the fact that petitioner left India some 30 years ago and has lived and worked in English-language countries for the majority of his life, it also conflicts with the opinion of the expert who administered numerous tests to petitioner and concluded that "the pattern of test results obtained here is not typically related to cultural differences". Many of petitioner's cognitive difficulties are in non-verbal areas where language is not a significant factor. The Peer Panel, whose findings were adopted by respondent, clearly made a balanced evaluation of factors germane to restoration and concluded that petitioner's

cognitive abilities were impaired to such a degree as to cause great concern for the health and safety of medical patients on whom his judgment would be exercised if he were allowed to resume the practice of medicine. We see no abuse of discretion in the denial of petitioner's application for restoration.

Weiss, P. J., Crew III, Cardona and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.