■ In the Matter of CALIBRATIONS, INC., Appellant, v WILLIAM M. STASIUK, as Director of the Center of Environmental Health, et al., Respondents. [629 NYS2d 294] —Mercure, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 7, 1994 in Albany County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Health denying permission for two of petitioner's officers to direct State asbestos safety training courses.

Petitioner is a closely held corporation owned by Sascha Percent, its president, and James Percent, its vice-president and chief executive officer. Petitioner is engaged, among other things, in providing courses in asbestos handling and industry safety training, a business regulated by respondent Department of Health (hereinafter DOH) (*see*, Labor Law § 905; 10 NYCRR part 73). In March 1988, petitioner obtained provisional DOH approval to provide asbestos safety training at its facility. In April 1991, however, DOH found petitioner to be in violation of several regulatory provisions, a determination that was substantially upheld following administrative review. In addition to the monetary penalties imposed on the findings of violations, petitioner's provisional approval for all asbestos safety training courses was revoked as of April 12, 1991. Neither the findings of violations, the imposition of penalties thereon nor the revocation of petitioner's provisional approval were challenged on the merits in a timely judicial proceeding.

In October 1991, DOH reinstated petitioner's provisional approval to offer asbestos safety training courses upon the express condition, among others, that James Miller serve as the training course director. In July 1992, DOH authorized Donald Pierce to replace Miller as training course director. In July 1993, a request was made that either Sascha Percent or James Percent be authorized to replace Pierce as training course director. DOH denied that request, advising petitioner that it would not permit either of the Percents to serve as training course director "[d]ue to significant training violations that occurred when [they] were responsible for overseeing training". Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul the determination that the Percents not be permitted to assume the position of director of petitioner's safety training program. Supreme Court granted judgment in favor of respondents dismissing the petition, petitioner appealed to this Court, and we now affirm.

In our view, respondents' determination is supported by competent evidence that, during the period the Percents were in charge of training, petitioner (1) submitted false asbestos safety training credentials for the Percents, (2) on several occasions used unapproved instructors to teach training courses, (3) made verbatim use of final examination questions in its course review, and (4) issued course diplomas and certification letters

to two individuals who had neither completed nor taken the final examination in petitioner's training courses. As such, the determination is by no means arbitrary and capricious (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Jain v Sobol*, 199 AD2d 934, *lv denied* 83 NY2d 753).

We note that petitioner never received more than provisional status as a State training facility (*see,* 10 NYCRR 73.8) and that DOH is granted express authority to approve asbestos safety programs, including any change in personnel (*see,* Labor Law § 905; 10 NYCRR 73.1 [a]; 73.2 [j]). Indeed, the regulations require that, in order to operate or provide an asbestos safety program, "[t]he sponsor shall have available a staff member with experience in designing, implementing and evaluating either employee educational programs in asbestos safety or vocational educational programs related to asbestos" (10 NYCRR 73.2 [c]), and "[t]his staff member shall be directly involved in the program" (10 NYCRR 73.2 [c]). Further, the record shows that petitioner was aware (and agreed) that the reinstatement of its provisional approval was expressly conditioned upon DOH approval of its training course director.

We are not persuaded that respondents erred in considering evidence of violations or deficiencies beyond those forming the basis for the April 1991 violation proceeding. Our review of the applicable statutes and regulations discloses no such limitation, and petitioner has provided no persuasive authority for a contrary view. We also note that, in a November 22, 1991 letter to DOH, petitioner's counsel acknowledged being advised that "[DOH] considered the revocation a separate administrative act from the hearing officer's determinations [and] that the two were not connected", a position unchallenged by petitioner. Finally, we reject the contention that respondents' determination is arbitrary because the "penalty" is disproportionate to that imposed upon Asbestos Training Institute, an unrelated asbestos training sponsor. Petitioner is not being "punished" for past violations; rather, DOH is merely discharging its responsibility to impose reasonable conditions upon the grant of provisional approval of an asbestos safety program.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.