■ In the Matter of ROBERT D. REITMAN, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [638 NYS2d 848] —Peters, J.

In 1987, petitioner, a certified social worker, was charged with sodomizing a 13-year-old boy that he was counseling. Thereafter, upon his plea of guilty to sodomy in the second degree, he was sentenced to five years' probation which included, as one of its conditions, the surrender of his license to practice. On August 10, 1988, petitioner's application for surrender of his license was granted and his registration to practice was canceled. Petitioner acknowledged that he was aware that he could apply for restoration of his license after one year had elapsed and that restoration was not automatically granted.

In 1992, petitioner applied for restoration which was subsequently denied by respondent Board of Regents. He therefore sought review of the Board's determination by initiating this CPLR article 78 proceeding in this Court. The threshold issue thus becomes whether we may exercise original jurisdiction to review the denial of an application for the restoration of a professional license.

As a general rule, CPLR article 78 proceedings must be initiated in Supreme Court (*see,* CPLR 7804 [b]; Siegel, NY Prac § 568, at 892 [2d ed]; 5 NY Jur 2d, Article 78 and Related Proceedings, § 139). However, pursuant to specific statutory authority, some proceedings may be initiated in this Court (*see,* 5 NY Jur 2d, Article 78 and Related Proceedings, § 139; CPLR 506 [b] [1], [4]).

Education Law § 6510 outlines the procedures to be followed in cases concerning professional misconduct. This section provides for direct appellate review of decisions rendered by the Board imposing penalties as detailed in Education Law § 6511 (see, Education Law § 6510 [4] [c]; [5]). A petition for restoration, however, is commenced pursuant to Education Law § 6511 which recognizes that the restoration of a professional license is a permissive matter resting soundly in the discretion of the Board (Education Law § 6511; see, Matter of Jain v Sobol, 199 AD2d 934, 935, lv denied 83 NY2d 753; Matter of Viloria v Sobol, 192 AD2d 969, 970, lv denied 82 NY2d 655). Since no specific statutory authority exists for the review of a denial of petitioner's restoration application in this Court, we find that the proceeding must be commenced in Supreme Court.

Having initiated this proceeding in error (see, Matter of Jain v Sobol, supra), and thus lacking subject matter jurisdiction (see, Matter of Nolan v Lungen, 61 NY2d 788, 789-790; Matter of Axelrod v Sobol, 180 AD2d 905, 906), we dismiss the petition in its entirety.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.