■ In the Matter of ROBERT D. REITMAN, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [663 NYS2d 729] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 4, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's request for restoration of his license to practice as a certified social worker in New York.

Petitioner's license, issued in January 1968, was revoked in 1988 as a result of a felony complaint filed against him in October 1987 alleging that he had sodomized a 13-year-old male patient. Concurrent with the filing of the criminal charges was an investigation by the Office of Professional Discipline of the Education Department (hereinafter the Department).

In January 1988, petitioner pleaded guilty to the crime of sodomy in the second degree (*see*, Penal Law § 130.45),[1] prompting County Court to impose an order of protection and five years' probation. In accordance with the terms of probation, petitioner surrendered his license. After serving approximately three years of the five-year term of probation, petitioner requested permission to apply for restoration of his license. With County Court granting the request, petitioner applied to the Department for restoration, emphasizing, *inter alia*, his efforts toward rehabilitation. The District Attorney vehemently opposed the application, contending that she "[r]ecently * * * received information that a second child was abused by [petitioner]".

Prior to the hearing held before the peer subcommittee of the Department's Board for Social Work (hereinafter the Pan-

---

1. This constitutes misconduct under Education Law § 6509 (5) (a) (i).

el), an investigation was commenced concerning petitioner's application. In connection therewith, investigators interviewed not only petitioner, his probation officer and the District Attorney involved in this matter, but also petitioner's social worker, his long-term treating psychoanalyst and other witnesses to be proffered on his behalf.

At the conclusion of the hearing, the Panel unanimously recommended restoration. Such recommendation was thereafter considered by a three-member Committee on the Professions (hereinafter the Committee) which ultimately recommended denial. Respondent Board of Regents, upon review of the record and the recommendations forwarded, unanimously voted to deny restoration, later mirrored by an order of respondent Commissioner of Education after review. Petitioner thereafter commenced this CPLR article 78 proceeding, resulting in the dismissal of the petition by Supreme Court. Petitioner now appeals.[2]

In our review, we are reminded that the "Legislature has vested in the Board of Regents the responsibility to insure the public that those engaged in the practice of professions have both full awareness and regard of the highest ethical, moral and legal standards" (*Matter of Nisnewitz v Board of Regents*, 95 AD2d 950, 951). Since restoration of a professional license is a matter vested within the Commissioner's discretion, with petitioner bearing the burden of "submitting such evidence as would 'compel' the exercise of this discretion in his favor" (*Matter of Viloria v Sobol*, 192 AD2d 969, 970, *lv denied* 82 NY2d 655), we are constrained from undermining the exercise of such discretion unless the determination rendered is an abuse thereof (*see*, CPLR 7803 [3]; *Matter of Jain v Sobol*, 199 AD2d 934, 935, *lv denied* 83 NY2d 753; *Matter of Melone v State of N. Y. Educ. Dept.*, 182 AD2d 875). Our review of this record fails to indicate any such abuse.

While no specific standard has emerged as the benchmark for the consideration of restoration applications, this Court has required, at the very least, "evaluation of factors germane to restoration, i.e., gravity of the offense, petitioner's rehabilitation, risk of harm to the public and professional competence" (*Matter of Melone v State of N. Y. Educ. Dept., supra*, at 877). The recommendation of the Department's Committee on the

<hr />

2. Prior to commencing this proceeding in Supreme Court, petitioner had commenced a proceeding in this Court. On March 7, 1996, we dismissed the petition finding that, pursuant to Education Law § 6510, the proceeding should have been commenced in Supreme Court (*see*, *Matter of Reitman v Sobol*, 225 AD2d 823).

Professions accepted by the Board of Regents and the Commissioner after a meeting with petitioner and a review of the record, reveals that the Committee considered each of these factors, the testimony proffered and the results of the investigation.

The Committee acknowledged that petitioner had recognized the severity of his problem and had actively participated in his rehabilitation. As to the risk of harm to the public, we do not find the Committee's concern to be arbitrary and capricious. Petitioner candidly admitted to struggling with his sexual attraction toward adolescent males when he was as young as 13 years old. Despite ongoing counseling and after licensure to practice social work, he engaged in sexual contact with an adolescent male. During the interview with an employee of the Department, petitioner also admitted to having had sexual contact with one of his 14-year-old male patients in addition to that patient which led to his license revocation.

The gravity of petitioner's conduct and prognosis is evident. While the documentary evidence recounts purported success that he has experienced in the various forms of therapy since the revocation, petitioner admits that. while his obsessive-compulsive disorder is in "remission", "his sexual compulsivity is not curable and [therefore] he must always be vigilant". Petitioner's own witnesses caution that if his license is restored, his practice should be limited to adults. This is particularly troubling since petitioner indicated that if his license was restored, he intended to operate a private practice out of his home—the precise environment which led to the 1987 offense.

It is for these reasons that we find no basis upon which to disturb the judgment of Supreme Court confirming the Commissioner's determination. Having considered petitioner's remaining contentions and finding them without merit, we affirm the judgment of Supreme Court.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.