■ In the Matter of MICHAEL F. MORRISSEY, Appellant, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents. [667 NYS2d 786] —Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 10, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents denying petitioner's request for restoration of his license to practice medicine in New York.

Petitioner's license to practice medicine in New York was revoked in February 1991 upon several specifications of misconduct. In July 1992 petitioner sought restoration of his medical license. A Peer Committee of the State Board for Medicine, consisting of two practicing physicians and a layperson, voted 2 to 1 to recommend a stay of the revocation and a one-year conditional probation. Thereafter, the matter was referred to the Committee on the Professions (hereinafter COP) which reviewed the Peer Committee's recommendation and voted unanimously to recommend to respondent Board of Regents (hereinafter the Board) that petitioner's application be denied. The Board adopted the recommendation of the COP and denied petitioner's application for license restoration.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. "Education Law § 6511 * * * recognizes that the restoration of a professional license is a permissive matter resting soundly in the discretion of the Board" (*Matter of Reitman v Sobol*, 225 AD2d 823, 824; *see,* Education Law § 6511; *Matter of Jain v Sobol*, 199 AD2d 934, 935, *lv denied* 83 NY2d 753) and not in the discretion of the courts (*see, Matter of Greenberg v Board of Regents*, 176 AD2d 1168, 1169). In addition, the petitioner bears the burden of submitting evidence to establish that his or her license should be restored (*see, Matter of Jain v Sobol, supra,* at 935; *Matter of Viloria v Sobol*, 192 AD2d 969, 970, *lv denied* 82 NY2d 655; *Matter of Melone v State of N. Y. Educ. Dept.*, 182 AD2d 875, 877).

Here, in rendering its recommendation to the Board, the COP undertook a "balanced evaluation of factors germane to restoration, i.e., gravity of the offense, petitioner's rehabilitation, risk of harm to the public and professional competence" (*Matter of Melone v State of N. Y. Educ. Dept., supra,* at 877). The COP acknowledged that the overarching concern in all restoration cases is the protection of the public and recognized that petitioner's technical skill as a surgeon was not at issue. Moreover, the COP expressed concern for petitioner's character as demonstrated by an incident with police officers on the George Washington Bridge, his seeing a patient while his license was revoked and his failure to accept personal responsibility, as the surgeon in charge, for the two patient deaths which resulted in his license revocation.

On the record before us it cannot be said that the Board abused its discretion in refusing to restore petitioner's license (*cf., Matter of Melone v State of N. Y. Educ. Dept., supra,* at 877-878).

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.