■ In the Matter of ANDRE NEHORAYOFF, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [705 NYS2d 126] —Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered October 21, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying his request for restoration of his medical license.

Petitioner's license to practice as a physician in New York was revoked in 1991 stemming from petitioner's negligent treatment of five patients between 1983 and 1990 and the failure to maintain proper records. In June 1993, petitioner filed a petition for restoration of his license. On March 10, 1995, petitioner personally appeared before the Peer Review Committee in connection with his petition for restoration of his medical license. The Peer Review Committee concluded that petitioner had sufficiently fulfilled the standards of remorse, rehabilitation and re-education to be allowed to practice. Accordingly, the Peer Review Committee unanimously recommended that the applicant be allowed to resume practice as a physician in New York on three years' probation under specified conditions. The Committee on Professions, in reviewing petitioner's application for restoration, recommended to respondent Board of Regents (hereinafter the Board), by majority vote, that the revocation of petitioner's license be stayed and that he be placed on probation for a period of 10 years under the conditions specified by the Peer Review Committee together with two additional conditions.

Despite these recommendations, the Board denied petitioner's application for restoration of his license to practice medicine in New York based on the seriousness of the original offense, the size of petitioner's practice at the time of the offense, the lack of an appropriate degree of concern on the part of petitioner concerning the offending treatment rendered to his patients and the concerns raised by the expert consultant and the Committee on Professions. Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 alleging that respondents' determination was arbitrary, capricious and an abuse of discretion. Supreme Court dismissed the petition on grounds that respondents' determination was not unlawful or arbitrary and capricious and that the decision was supported by a rational basis. Petitioner now appeals.

Whether to restore the license of a medical practitioner is a matter to be determined by the Board in the exercise of sound discretion (*see, Matter of Morrissey v State of N. Y. Educ. Dept.*, 246 AD2d 817, 818; *Matter of Reitman v Mills*, 244 AD2d 602, 603). Consequently, such a determination may not be disturbed by the courts unless the determination constitutes an abuse of discretion (*see*, CPLR 7803 [3]; *Matter of Jain v Sobol*, 199 AD2d 934, 935, *lv denied* 83 NY2d 753; *Matter of Melone v State of N. Y. Educ. Dept.*, 182 AD2d 875). In conjunction with the petition for restoration, petitioner is obligated to produce compelling evidence sufficient to swing the balance of discretion in his favor (*see, Matter of Jain v Sobol, supra*, at 935; *Matter of Viloria v Sobol*, 192 AD2d 969, 970, *lv denied* 82 NY2d 655; *Matter of Melone v State of N. Y. Educ. Dept., supra*, at 877). In support of the decision concerning a petition for restoration of petitioner's medical license, the record must reveal a "balanced evaluation of factors germane to restoration, i.e., gravity of the offense, petitioner's rehabilitation, risk of harm to the public and professional competence" (*Matter of Melone v State of N. Y. Educ. Dept., supra*, at 877).

Since we believe, based on the totality of the record, that the Board failed to make a balanced review of the relevant factors, the denial of petitioner's application for restoration of the medical license constitutes a clear abuse of discretion. While the seriousness of the underlying offenses is undisputed, petitioner repeatedly acknowledged the seriousness of those offenses, took complete responsibility for those offenses and viewed the revocation of his license as a result of those offenses as justified. Moreover, he consistently exhibited an appropriate degree of contrition for his actions both before the Peer Review Committee and the Committee on Professions. Petitioner satisfied

those elements which required continuing education and rehabilitation and willingly agreed to any condition of probation felt necessary to insure public safety. The expert consultant indicated that rehabilitation of petitioner was complete and that it would not be contrary to the public interest for him to return to the practice of medicine subject to appropriate probationary terms.

Although this opinion was prefaced with the caveat that the conclusion was reached without the opportunity to observe petitioner perform any surgical procedures, it is clear that the expert's evaluation focused on petitioner's competency and knowledge relative to the fields of obstetrics and gynecology. Contrary to the findings of the Board, other than limited by his failure to observe petitioner perform surgical procedures, the expert concluded without reservation or qualification that petitioner could return to the practice of medicine with the appropriate conditions of probation. In our view, since petitioner acknowledged responsibility for his actions, willingly accepted the discipline imposed and recognized and is sufficiently remorseful for the impact of his actions, has continued his education and is willing to accept all conditions of probation to protect the public, petitioner has produced sufficient evidence to compel the exercise of discretion in his favor.

Accordingly, the judgment of Supreme Court is reversed and the matter remitted to the Board of Regents for a determination not inconsistent herewith. In view of this decision, we have not considered the balance of petitioner's contentions on this appeal.

Crew III, Peters and Carpinello, JJ., concur.

Mercure, J. P. (dissenting). I respectfully dissent. In my view, the majority has impermissibly weighed the evidence and substituted its judgment for that of respondent Board of Regents (hereinafter the Board).

On his application for reinstatement following the revocation of his license to practice medicine, the burden was on petitioner to submit such evidence as would "compel" the exercise of discretion in his favor (*see, Matter of Viloria v Sobol*, 192 AD2d 969, 970, *lv denied* 82 NY2d 655; *Matter of Greenberg v Board of Regents*, 176 AD2d 1168, 1169). Significantly, the Board's authority to reinstate a revoked license is limited, remedial in nature, to be exercised with caution and intended by the Legislature to apply only "to exceptional cases where the merit of the applicant is clearly established to the satisfaction of the [Board]" (*Jablon v Board of Regents*, 271 App Div 369, 373, *affd* 296 NY 1027). In fact, even if the evidence submitted by

petitioner was wholly uncontroverted, the Board was still empowered to deny his application if, upon a "balanced evaluation of factors germane to restoration, i.e., gravity of the offense, petitioner's rehabilitation, risk of harm to the public and professional competence" (*Matter of Melone v State of N. Y. Educ. Dept.*, 182 AD2d 875, 877), it rationally determined that petitioner's weighty burden had not been satisfied.

Here, giving due consideration to the seriousness of the acts leading to the revocation of petitioner's license, the size of his practice at that time, petitioner's failure to express an appropriate degree of concern for his patients and the injury he caused them, reservations and qualifications expressed by the expert consultant that had been retained to evaluate petitioner and, indeed, concerns expressed in the report of the Committee on Professions, the Board determined that petitioner still posed a serious risk to the public. In my view, that determination is by no means irrational. I would accordingly affirm Supreme Court's judgment.

Ordered that the judgment is reversed, on the law, with costs, determination annulled and matter remitted to respondent Board of Regents for further proceedings not inconsistent with this Court's decision.