■ In the Matter of ANDRE NEHORAYOFF, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [723 NYS2d 720] —Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered October 21, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying his request for restoration of his medical license.

Our prior decision, holding that respondents impermissibly denied petitioner's application for restoration of his medical license (270 AD2d 748), was reversed by the Court of Appeals (95 NY2d 671) and remitted to us for consideration of issues not determined therein.

The first such issue is petitioner's argument that he was denied due process because respondent Board of Regents blindly accepted the recommendation of the Committee on the Professions (which had met the previous day) and simply rubberstamped that recommendation. In support of his application, petitioner attached a summary of the June 1997 meeting of the Board to his brief. Although this summary constitutes a matter of public record of which this Court may take judicial notice (*see, Matter of Soronen v Comptroller of State of N. Y.*, 248 AD2d 789, 791 n 1), petitioner's attorney candidly admits that he was not aware of its existence until after his argument in Supreme Court. Having not been raised in Supreme Court, this issue is not properly preserved for our review (*see, Olden v Bolton*, 137 AD2d 878, 879-880). Nevertheless, were we to review the merits of petitioner's argument, we would find it to be without support in the record and insufficient to rebut the presumption of regularity which attaches to administrative

proceedings (*see, Matter of Werter v Board of Regents*, 18 AD2d 1032).

Next, petitioner contends that respondents' failure to serve the order denying his petition for restoration before June 20, 1997 was arbitrary, capricious and an abuse of discretion. Additionally, petitioner contends that the failure of respondents to deny the allegations of the petition in this regard requires that such allegations be deemed admitted. Preliminarily, we note that respondents' determination denying restoration of petitioner's medical license was made on June 12, 1997, but that petitioner was not served with the order of respondent Commissioner of Education until September 19, 1997. Concomitant with the service of the Commissioner's order on September 19, 1997, petitioner was served with a recent amendment to the Rules of the Board of Regents which extended the waiting period for reapplication for restoration of a professional license from one year to three years for persons served with an order of denial after June 20, 1997 (*see,* 8 NYCRR 24.7). In support of his contention, petitioner does not, and cannot, point to any facts which would suggest any improper purpose for delay in service of the order. Petitioner's unsupported allegations are simply insufficient upon which to predicate any finding that respondents' actions were arbitrary and capricious or an abuse of discretion (*see, Matter of Galin v DeBuono*, 259 AD2d 788, 789, *lv denied* 93 NY2d 812). There is no provision which requires that the order be served within a specific time frame.

Lastly, there is no merit to petitioner's contention that respondents' failure to deny the allegations of the petition in their motion to dismiss constitutes an admission of the truthfulness of those allegations. Admissions may be made with respect to facts but not matters of law, such as whether a particular administrative action is arbitrary and capricious.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.