Matter of Lochwyn v New York State Dept. of Motor Vehs. (2018 NY Slip Op 01467)





Matter of Lochwyn v New York State Dept. of Motor Vehs.


2018 NY Slip Op 01467


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-06529
 (Index No. 80324/14)

[*1]In the Matter of Ted Lochwyn, petitioner, 
v
New York State Department of Motor Vehicles, respondent.


Ted Lochwyn, Staten Island, NY, petitioner pro se.
Eric T. Schneiderman, Attorney General, New York, NY (Michael S. Belohlavek and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 24, 2014. The determination confirmed the determination of an administrative law judge dated February 24, 2014, made after a hearing, finding that the petitioner violated Vehicle and Traffic Law § 1111(d)(1), and imposing a penalty.
ADJUDGED that the determination dated July 24, 2014, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was charged with riding his bicycle through a red light in violation of Vehicle and Traffic Law § 1111(d)(1). An administrative hearing was originally scheduled for October 2013. However, the police officer who issued the ticket (hereinafter the officer) did not appear and the Administrative Law Judge (hereinafter the ALJ) adjourned the hearing. The petitioner did not question the reason for the officer's absence or object to the ALJ's granting of the adjournment.
At the rescheduled hearing in February 2014, the officer testified that the petitioner, while riding his bicycle, failed to stop for a red light. In addition, the petitioner questioned the officer about the reason for his nonappearance at the first hearing date. When the officer asserted that he could not recall why he was unable to appear, the petitioner moved to dismiss the proceeding on the ground that the officer's absence was not excused for one of the reasons set forth in 15 NYCRR 124.9 and, therefore, the adjournment had been improperly granted. The ALJ denied the motion to dismiss, noting that the officer's previous absence had, in fact, been lawfully excused.
At the end of the hearing, the ALJ found the defendant guilty of violating Vehicle and Traffic Law § 1111(d)(1) and imposed a $250 fine. The New York State Department of Motor Vehicles Appeals Board confirmed the determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). We now confirm the determination and [*2]dismiss the proceeding on the merits.
The petitioner failed to challenge the ALJ's adjournment of the hearing in October 2013 (see Matter of Cepeda v Goord, 39 AD3d 640). In any event, under the circumstances of this case, the petitioner's contention that the administrative proceeding should have been dismissed on this ground is without merit (see generally Matter of Nehorayoff v Mills, 282 AD2d 932, 932; Matter of Nisnewitz v Board of Regents of Univ. of State of N.Y., 95 AD2d 950, 951; Matter of Davis v Ambach, 91 AD2d 1113, 1113).
Furthermore, the determination that the petitioner violated Vehicle and Traffic Law § 1111(d)(1) is supported by substantial evidence and must be confirmed (see e.g. 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of D'Antonio v State of N.Y. Dept. of Motor Vehicles, 73 AD3d 1053, 1053; Matter of Fischer v Appeals Bd. of N.Y. State Dept. of Motor Vehs., 49 AD3d 643, 644; Matter of Resciniti v Department of Motor Vehs. of State of N.Y., 255 AD2d 589, 589; Matter of Kahn v State of N.Y. Dept. of Motor Vehs., 134 AD2d 594, 594).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court