Matter of Patin v New York State Dept. of Educ. (2019 NY Slip Op 05605)





Matter of Patin v New York State Dept. of Educ.


2019 NY Slip Op 05605


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526707

[*1]In the Matter of YURI PATIN, Appellant,
v
NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Nathan L. Dembin & Associates, PC, New York City (Nathan L. Dembin of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered July 26, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents of the University of the State of New York denying petitioner's request for restoration of his license to practice medicine.
Petitioner's license to practice medicine in New York was issued in 1996 and revoked in 2009 after the Board for Professional Medical Conduct found him guilty of multiple specifications of misconduct, as addressed within this Court's prior decision confirming the Board's determination (Matter of Patin v State Bd. For Professional Med. Conduct, 77 AD3d 1211 [2010]). In 2012, petitioner sought restoration of his medical license. Petitioner appeared before a Peer Committee of three physicians, which recommended, with one member dissenting, that his license revocation be stayed and that he be placed on probation for three years, after which his license would be fully restored. He was then interviewed by the Committee on the Professions, which voted unanimously to adopt the recommendations of the Peer Committee. Upon review, respondent Board of Regents of the University of the State of New York (hereinafter the Board) rejected the recommendations and denied petitioner's application. Petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition. Petitioner appeals.
We affirm. Pursuant to Education Law §§ 6510 and 6511, the Board is vested "with considerable discretion concerning matters of professional misconduct, including the revocation and restoration of medical licenses" (Matter of Nehorayoff v Mills, 95 NY2d 671, 674 [2001]). Restoration of a revoked license is "permissive and is granted only in rare cases where the merit of the applicant is clearly established to the satisfaction of the Board" (id. at 674 [internal quotation marks and citations omitted]). "The burden of proof is on the applicant to present evidence 'so ineluctable in its implications that it would compel affirmative action from [the] Board which has "discretion" to restore or to refuse to restore'" (id. at 675, quoting Matter of [*2]Jablon v Board of Regents, 271 AD3d 369, 373 [1946], affd 296 NY 1027 [1947]). Accordingly, "[a]s long as the Board's determination is supported by a rational basis, and is neither arbitrary nor capricious, it will not be disturbed" (Matter of Nehorayoff v Mills, 95 NY2d at 675).
Here, notwithstanding the recommendations of the Peer Committee and the Committee on the Professions, the Board based its determination upon, among other things, the seriousness of the underlying charges of negligence and incompetence and its findings that petitioner had neither shown insight into the causes of his misconduct nor convinced the Board that he would be able to practice medicine safely. The Board considered and rejected petitioner's proffered justifications for the underlying misconduct, relying in part upon his admission that he had ordered unnecessary tests "for the money." The Board further considered his continuing education efforts and found them insufficient to develop and maintain the skills necessary for patient safety or to address the specific problems that led to the revocation of his license. It also considered and rejected the recommendations of probation by the Peer Committee and the Committee on the Professions, noting the inability to subsequently restrict or supervise petitioner after the end of a probationary period. For these reasons, and given the serious nature of the misconduct, we find that a rational basis exists to support the Board's determination (see Matter of Dutta v Mills, 301 AD2d 775, 777 [2003]; Matter of Chaudry v Mills, 285 AD2d 849, 850 [2001]). We have considered petitioner's remaining contentions and find that they lack merit.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.