■ In the Matter of SALEEM CHAUDRY, Respondent, v RICHARD P. MILLS, as Commissioner of the Department of Education of the State of New York, Appellant. [727 NYS2d 801] —Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered April 14, 2000 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for restoration of his license to practice pharmacy.

Petitioner, who was issued a license to practice pharmacy in 1976, was convicted of 22 counts of offering a false instrument for filing in the first degree and sentenced to a term of five months in jail and a fine of $110,000. Based on these criminal convictions, in April 1992 the Board of Regents permanently revoked his license to practice pharmacy. In August 1994, petitioner submitted an application for restoration of his license. Following a hearing, a Peer Review Committee concluded that petitioner "ha[d] made significant efforts at rehabilitation and ha[d] demonstrated * * * that he is remorseful." Accordingly, the Peer Review Committee recommended, *inter alia*, that petitioner's application be granted and that the revocation of his license be stayed. Petitioner then appeared before the Committee on the Professions (hereinafter COP) which unanimously recommended that petitioner's application be denied. Respondent adopted the recommendation of COP and denied petitioner's application for license restoration.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking a judgment annulling respondent's determination. Determining that COP, whose recommendation respondent adopted, "acted in an arbitrary and capricious manner," Supreme Court annulled respondent's determination thereby granting the petition. On respondent's appeal, we reverse.

We are guided by the principle that "Education Law §§ 6510 and 6511 vest the Board of Regents with considerable discretion concerning matters of professional misconduct, including the revocation and restoration of [pharmacy] licenses" (*Matter of Nehorayoff v Mills*, 95 NY2d 671, 674; *see, Matter of Morrissey v State of New York Educ. Dept.*, 246 AD2d 817). It is well settled that the restoration of such a license is permissive and will be granted only in exceptional cases (*see, Matter of Nehorayoff v Mills, supra*, at 674). Notably, petitioner bears the burden of submitting evidence that would compel respondent to exercise its discretion to restore his license (*see, Matter of Morrissey v State of New York Educ. Dept., supra*, at 818) and,

in exercising its discretion, respondent need not consider any particular factors as long as his determination is supported by a rational basis, and is neither arbitrary nor capricious (*see, Matter of Nehorayoff v Mills, supra,* at 675).

Here, COP recognized that petitioner made efforts to maintain his knowledge and skills in the pharmacy profession through continuing education and working as an assistant pharmacist. COP found, however, that petitioner was not able to articulate the cause or causes of his prior misconduct and concluded that, without such an understanding, it had difficulty assessing his efforts at rehabilitation and remorse. COP was troubled by petitioner's failure to accept responsibility for his prior misconduct, specifically noting that while petitioner accepted responsibility as the "supervising pharmacist," he maintained that he was out of the country while the illegalities occurred, his conviction was circumstantial and he never benefitted from the fraud. Moreover, COP stated that petitioner "presented no compelling evidence to demonstrate that he would act differently today and that the public would not be in danger were his license restored." Finding a rational basis to support the determination rendered, we reverse the judgment of Supreme Court.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.