■ In the Matter of PURNENDU DUTTA, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [753 NYS2d 253] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 24, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents of the University of the State of New York denying petitioner's request for restoration of his license to practice medicine in New York.

Petitioner's license to practice medicine, issued in 1972, was revoked in March 1992 as a result of complaints of sexual and verbal abuse by two female patients which were sustained after a hearing. The incidents pertaining to the first patient (patient A) occurred in 1983. After a hearing was held on the charges pertaining to patient A, the matter was remanded for a new hearing. Remarkably, petitioner's sexual abuse of the second patient (patient B) began after the charges pertaining to patient A had been filed; the acts occurred on at least three occasions from 1988 through 1989. On February 5, 1990,

petitioner was served with amended charges alleging the additional acts of willful harassment, abuse and intimidation of patient B. Throughout the disciplinary proceedings, petitioner vehemently denied engaging in any misconduct and aggressively attacked the character of his victims.

In May 1993, petitioner submitted his first application for the restoration of his medical license; respondent Board of Regents of the University of the State of New York (hereinafter the Board) denied the application. In August 1998, petitioner submitted his second application for restoration. In connection therewith, a Peer Committee of the Board held a hearing on February 11, 2000 where petitioner testified to the veracity of the allegations made against him and about his three years of counseling and subsequent rehabilitation. He submitted a Sexual Offender Treatment Progress Report completed by his psychotherapist, David Heffler, and his psychiatrist, Oscar Lopez; Heffler, along with other colleagues and friends, testified in favor of restoration. Petitioner also submitted certificates indicating that he had already completed over 1,500 hours of continuing education courses since the revocation and documented that he had provided 15,000 hours of community service. At the conclusion of the hearing on July 18, 2000, the Peer Committee recommended a stay of the revocation and the imposition of a five-year probationary period.

Petitioner thereafter testified before the Committee on the Professions (hereinafter COP) which determined that, despite petitioner's supporting evidence and diligent efforts at rehabilitation and counseling, his current state of rehabilitation and planning were not yet sufficient for the restoration of his license. Despite the numerous factual inaccuracies noted by petitioner to the Board prior to the rendering of its decision, the Board accepted the recommendation of COP and denied petitioner's application, effective March 9, 2001, by order of respondent Commissioner of Education. The instant CPLR article 78 proceeding thereafter ensued, which resulted in Supreme Court's dismissal of the petition. Upon that appeal, we affirm.

With the Board having the power to exercise substantial discretion in the area of professional misconduct and the restoration of a professional license (see Matter of Nehorayoff v Mills, 95 NY2d 671, 674), it is by now settled that when seeking restoration of a professional license, "[t]he burden of proof is on the applicant to present evidence 'so ineluctable in its implications that it would compel affirmative action from a Board which has "discretion" to restore or to refuse to restore'" (id. at 675, quoting Matter of Jablon v Board of Regents of Univ. of

*State of N.Y.*, 271 App Div 369, 373, *affd* 296 NY 1027; *see Matter of Chaudry v Mills*, 285 AD2d 849, 849). Noting that restoration is permissive and granted only in exceptional circumstances (*see Matter of Nehorayoff v Mills, supra* at 674; *Matter of Jablon v Board of Regents of Univ. of State of N.Y., supra* at 373), our review is limited to a determination of whether the Board, not required to weigh or consider any particular factors, can support its determination upon a rational basis, with the exercise of its discretion neither arbitrary nor capricious (*see Matter of Nehorayoff v Mills, supra* at 675; *Matter of Chaudry v Mills, supra* at 850).

Here, it is evident that the Board considered petitioner's substantial presentation concerning his rehabilitation and remorse. However, both COP and the Board based their findings on petitioner's failure to provide sufficient evidence that there was an adequate plan in place to assure the safety of female patients. Although they lauded his efforts to date, it was found that he needed to fully personalize the damage that he inflicted upon the patients he abused. Hence, given concern about recidivism, despite the testimony of petitioner's treating therapist, their determination to deny restoration was buttressed by such expert's further testimony that such risk is reduced by year in proportion to each year since the last offense. Finally, they doubted petitioner's surgical ability, despite continuing education classes, since he has not conducted surgery in over eight years. With the focus upon this cumulative testimony, and considering the egregious nature of the misconduct, there exists a rational basis to support the determination rendered (*see Matter of Chaudry v Mills, supra* at 850; *Matter of Reitman v Mills*, 244 AD2d 602).

Having considered and rejected petitioner's remaining contentions as without merit, we affirm the judgment of Supreme Court.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.