Matter of Chalasani v Elia (2020 NY Slip Op 01677)





Matter of Chalasani v Elia


2020 NY Slip Op 01677


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

527234

[*1]In the Matter of Prasad Chalasani, Appellant,
v
MaryEllen Elia, as Commissioner of Education, et al., Respondents.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Robert M. Cohen, Ballston Lake, for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Hard, J.), entered November 28, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents denying petitioner's request to restore his license to practice medicine.
In 1972, petitioner was issued a license to practice medicine in New York. In 2003, the Department of Health's Office of Professional Medical Conduct charged petitioner with 11 specifications of professional misconduct in relation to his care and treatment of two patients who had died. In satisfaction of the charges, petitioner signed a consent agreement and order in which he agreed not to contest the allegations that he practiced the profession of medicine with negligence on more than one occasion, with an agreed punishment of a fine and three years of probation. In 2008, after an investigation and a hearing addressing petitioner's alleged violation of the terms of his probation, the Department of Health's Administrative Review Board for Professional Medical Conduct affirmed a determination that petitioner had violated the terms of his probation, and revoked his medical license.
In 2012, petitioner filed an application with respondent Education Department Committee on the Professions (hereinafter COP) seeking to restore his medical license. A Peer Committee recommended denial of the application, as did COP. Respondent Board of Regents (hereinafter the Board) agreed with those recommendations and denied the application. Petitioner commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition on the merits. Petitioner appeals.
We affirm. Initially, although petitioner raises numerous arguments addressing the proceedings before the Department of Health that led to the revocation of his medical license, none of those arguments is proper on this appeal, which concerns only the Board's denial of petitioner's application to restore his license. Turning to the issues properly before us, "Education Law §§ 6510 and 6511 vest the Board . . . with considerable discretion concerning matters of professional misconduct, including the . . . restoration of medical licenses" (see Matter of Nehorayoff v Mills, 95 NY2d 671, 674 [2001]). "Restoration of a revoked license is permissive and is granted only in rare cases where the merit of the applicant is clearly established to the satisfaction of the Board," with the applicant bearing the burden of proof (Matter of Patin v New York State Dept. of Educ., 174 AD3d 1080, 1081 [2019] [internal quotation marks and citations omitted]; see Matter of Nehorayoff v Mills, 95 NY2d at 674). The Board is "not required to weigh or consider any particular factors" (Matter of Dutta v Mills, 301 AD2d 775, 777 [2003]; see Matter of Chaudry v Mills, 285 AD2d 849, 850 [2001]). "As long as the Board's determination is supported by a rational basis, and is neither arbitrary nor capricious, it will not be disturbed" (Matter of Nehorayoff v Mills, 95 NY2d at 675 [citations omitted]; accord Matter of Patin v New York State Dept. of Educ., 174 AD3d at 1081; see Matter of Dutta v Mills, 301 AD2d at 777).
Although the reports of the Peer Committee and COP, which were adopted by the Board, contained some factual errors,[FN1] the Board's determination is supported by a rational basis and is not arbitrary or capricious. Some nonexclusive factors often considered by the Board in license restoration matters are the applicant's re-education, rehabilitation and remorse, the seriousness of the original offense and whether the public's safety would be compromised (see Matter of Nehorayoff v Mills, 95 NY2d at 675; Matter of Patin v New York State Dept. of Educ., 174 AD3d at 1081-1082; Matter of Dutta v Mills, 301 AD2d at 777). Petitioner presented evidence that he attended weekly patient care presentations and monthly quality improvement conferences at a local hospital, as well as other annual conferences, but COP and the Board gave little weight to this alleged re-education because the record does not disclose what was taught in these numerous conferences. For community service, petitioner spent approximately one week — out of eight years — volunteering at a clinic in South America.
Petitioner expressed remorse that two patients had died, but he did not acknowledge any role or fault in contributing to their poor medical treatment (see Matter of Chaudry v Mills, 285 AD2d at 850; Matter of Morrissey v State of N.Y. Educ. Dept., 246 AD2d 817, 818 [1998]). He made numerous statements that he did nothing wrong to lose his license initially and did not understand how he could rehabilitate himself unless the Department of Health would inform him of what he had done wrong. These statements are troubling when juxtaposed with the consent agreement that petitioner signed, in which he agreed not to contest the allegations that he practiced the profession of medicine with negligence on more than one occasion as specified in multiple factual paragraphs pertaining to those two patients. The Peer Committee and COP — and, therefore, the Board, which adopted their recommendations and the reasoning in their reports — were also concerned that petitioner had been given another chance to practice medicine when placed on probation, yet he squandered that opportunity by engaging in numerous and repeated violations of the terms of probation. Petitioner asserts that, if his license is restored, he would no longer perform surgery or routinely practice medicine but instead would perform clinical trials or simply be better positioned to further his medical technology business. However, as a restored license would allow petitioner to practice medicine, COP concluded that denial of restoration would protect the public's health and safety. Because petitioner failed to meet his burden of submitting evidence that would compel the Board to exercise its discretion to restore his license, the Board's denial of petitioner's application was supported by a rational basis and was neither arbitrary nor capricious (see Matter of Nehorayoff v Mills, 95 NY2d at 675; Matter of Patin v New York State Dept. of Educ., 174 AD3d at 1081-1082; Matter of Dutta v Mills, 301 AD2d at 777). Accordingly, Supreme Court properly dismissed the petition.
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Some of the statements were perhaps unclear or subject to misinterpretation, rather than definitively erroneous. For example, the statement that petitioner was not employed during the period of his revocation was correct to the extent that he did not have outside employment, but incorrect in that he started his own business dealing with the integration of technology into the practice of medicine.